# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | :   No. 1:16-cr-00082-YK |
| v. | : |
| | :   (Judge Kane) |
| WILLIAM CHANDLER AUGUSTA, <u>et al.</u>, | : |
| Defendants | : |

## MEMORANDUM

Presently before the Court are Defendants Scott Lane (Doc. No. 576), Bruce Edgecombe (Doc. No. 578), Dylan Heatherly (Doc. No. 587), and William Staples' (Doc. No. 573), motions for severance under Rule 14 of the Federal Rules of Criminal Procedure. Additionally before the Court is the Government's motion to continue trial. (Doc. No. 776.) For the reasons provided herein, the Court will deny the Government's motion to continue (Doc. No. 776), and Defendants Scott Lane (Doc. No. 576), Dylan Heatherly (Doc. No. 587), and William Staples' (Doc. No. 573), motions to sever, and will grant Defendant Bruce Edgecombe's motion to sever (Doc. No. 578).

## I.  PROCEDURAL BACKGROUND

On May 11, 2016, a federal grand jury returned an 18-count Superseding Indictment charging 15 Defendants, including Defendants Scott Lane, Bruce Edgecombe, Dylan Heatherly, and William Staples, with production and non-production child pornography offenses under 18 U.S.C. §§ 2251 and 2252. (Doc. No. 143.) Specifically, Counts 9 and 10 charge Defendants Edgecombe and Lane with both aiding and abetting the production of child pornography in violation of 18 U.S.C. §§ 2251(a), and 2 (Count 9), and conspiracy to produce child pornography in violation of 18 U.S.C. §§ 2252(a), (e), and 2 (Count 10). Counts 11, 12, and 13 charge all four Defendants with conspiracy to receive and distribute child pornography in violation of 18 U.S.C.

§§ 2252 (a)(2) and (b)(1) (Count 11); aiding and abetting the receipt and distribution of child pornography in violation of 18 U.S.C. §§ 2252 (a)(2), (b)(1), and 2 (Count 12); and conspiracy to advertise child pornography in violation of 18 U.S.C. § 2251(d) (Count 13). Counts 14, 16, and 17 charge Defendants Lane, Staples, and Heatherly with advertising child pornography in violation of 18 U.S.C. § 2251(d) (Counts 14, 16, and 17). (Id.)

Trial in this matter was initially scheduled for July 11, 2016. (Doc. No. 203.) Following several continuances of trial, the Court, upon conferring with counsel at a telephone conference held on December 20, 2016, set a firm date of February 21, 2017 for jury selection and trial in the above-captioned matter. (Doc. No. 315.) On January 10, 2017, the parties again filed a joint motion to continue trial. (Doc. No. 401.) Based upon the representations of counsel at the telephone conference held on the joint motion to continue, the Court entered an Order on February 9, 2017, rescheduling jury selection and trial for September 18, 2017. (Doc. No. 419.)

In the interim, Defendants Lane (Doc. Nos. 576, 577), Heatherly (Doc. Nos. 587, 588), Staples (Doc. Nos. 587, 596), and Edgecombe (Doc. No. 578, 579), filed the instant motions to sever their cases from that of their Co-Defendants pursuant to Rule 14 of the Federal Rules of Criminal Procedure, together with supporting briefs. On August 4, 2017, the Government filed a consolidated response in opposition to Defendants various pretrial motions, including Defendants' motions for severance. (Doc. No. 616.) On September 12, 2017, while those motions were pending, Defendants filed a swath of motions to preclude certain newly-disclosed evidence, or in the alternative, to continue trial. (See Doc. Nos. 645, 653, 616, 658, 662, 663.) Upon conferring with counsel, the Court issued an Order reluctantly continuing the September 18, 2017 trial in the above-captioned matter to January 16, 2018, to allow Defendants time to review the recently-disclosed evidence. (Doc. No. 672.)

On December 7, 2017, Defendant Edgecombe filed a motion requesting that the Court appoint him new counsel under the Criminal Justice Act ("CJA"), to replace his CJA appointed attorney, Ann E. Ariano, Esquire. (Doc. No. 767.) On December 14, 2017, upon receiving Attorney Ariano's response to Defendant Edgecombe's request to replace counsel together with her motion to withdraw as counsel (Doc. No. 768), the Court granted the motion to withdraw and on December 29, 2017, appointed Michael O. Palermo, Jr., Esquire to represent Defendant Edgecombe (Doc. No. 774).

On December 29, 2017, the Government filed a motion to continue trial, citing as the basis for the motion newly-appointed counsel Attorney Palermo's asserted need for additional time to prepare an effective defense for Defendant Edgecombe. (Doc. No. 776.) The Court held a telephone conference with the parties on January 4, 2018 to address the Government's pending motion for a continuance.

## II. DISCUSSION

Defendants move to sever their respective cases from each other under Rule 14(a) on the basis that the complexity of the charges, the "markedly different degrees of culpability" between Co-Defendants, the multiple screennames attributed to the Co-Defendants, and the sexually explicit nature of the evidence introduced at trial, will not only confuse the impaneled jury but also hinder their ability to compartmentalize the evidence and return a fair verdict, resulting in substantial prejudice.

### A. LEGAL STANDARD

As a general matter, the federal system favors joint trials of defendants who appear in a multi-defendant indictment. This predilection for joinder "promote[s] efficiency and serve[s] the interest of justice by avoiding the scandal and inequity of inconsistent verdicts." Zafiro v.

United States, 506 U.S. 534, 537 (1993) (quoting Richardson v. Marsh, 481 U.S. 200, 210 (1987)); see also United States v. Eufrasio, 935 F.2d 553, 568 (3d Cir. 1991) ("The public interest in judicial economy favors joint trials where the same evidence would be presented at separate trials of defendants charged with a single conspiracy."). As explained by the United States Court of Appeals for the Seventh Circuit:

> Joint trials reduce the expenditure of judicial and prosecutorial time; they reduce the claims the criminal justice system makes on witnesses, who need not return to court for additional trials; they reduce the chance that each defendant will try to create a reasonable doubt by blaming an absent colleague, even though one or the other (or both) undoubtedly committed a crime. The joint trial gives the jury the best perspective on all the evidence and therefore increases the likelihood of a correct outcome.

United States v. Buljubasic, 808 F.2d 1260, 1263 (7th Cir. 1987); see also Buchanan v. Kentucky, 483 U.S. 402, 418 (1987) (noting that in joint trials juries are better able to arrive at a reliable conclusion regarding guilt or innocence and fairly assign blame during sentencing).

Notwithstanding this strong preference for trying jointly-indicted defendants together, Rule 14 of the Federal Rules of Criminal Procedure authorizes a court to order separate trials of counts or sever the defendants' trials "if the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). The disposition of a Rule 14 motion is committed to the sound discretion of the trial court, and will not be disturbed absent an abuse of that discretion. United States v. Lore, 430 F.3d 190, 205 (3d Cir. 2005). In exercising this discretion, the court must "balance[ ] the potential prejudice to the defendant against the advantages of joinder in terms of judicial economy." United States v. Sandini, 888 F.2d 300, 305 (3d Cir. 1989). Indeed, where defendants have been properly joined pursuant to Rule 8(b) of the Federal Rules of Criminal Procedure, the court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a

4

specific trial right of one of the defendants, or would prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539.

A defendant requesting severance pursuant to Rule 14 bears a heavy burden of demonstrating that a denial of severance would "clear[ly] and substantial[ly] prejudice" the defendant, "resulting in a manifestly unfair trial." Lore, 430 F.3d at 205 (quoting United States v. Urban, 404 F.3d 754, 775 (3d Cir.2005)). "Mere allegations of prejudicial joinder are insufficient to warrant severance." United States v. Avila, 610 F. Supp. 2d 391, 397 (M.D. Pa. 2009). The touchstone of clear and substantial prejudice is the inability of the jury to "compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility." Lore, 430 F.3d at 205; see United States v. Jackson, 649 F.2d 967, 973 (3d Cir. 1981) (instructing that "participants in a single conspiracy should ordinarily be tried jointly as long as the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants and notwithstanding that the evidence against one codefendant is more damaging than that against another") (internal quotation marks and citations omitted). "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district courts sound discretion." Zafiro, 506 U.S. at 538-39. Notably, the Supreme Court has intimated that "less drastic measures, such as limiting instructions, will often suffice to cure any risk of prejudice."). Id. at 539.

### B.  DEFENDANTS LANE, HEATHERLY, AND STAPLES' MOTIONS TO SEVER

Judged against the foregoing legal standard governing requests for severance, Defendants Lane, Heatherly, and Staples' motion papers fall short of demonstrating clear and substantial prejudice that will befall them if severance is not granted, as contemplated by Rule 14(a). The arguments advanced by these Defendants in support of their request for severance rest on mere

5

speculation that the charges, and anticipated evidence expected to be introduced to prove such charges, including the presentation of video and communications evidence involving certain Defendants, and the distinctive aliases and screennames assumed by Defendants, are so complex, confusing, and inherently inflammatory, that the impaneled jury cannot reasonably be expected to draw the appropriate evidentiary connections between a Co-Defendant, his respective online identity, and the extent of his online activities. To the contrary, as the Government has aptly noted, Defendants' insistence that compartmentalization is unattainable is belied by their own briefing, wherein "each [D]efendant [has] identifie[d] discrete acts that their [C]o-[D]efendant committed, which suggests there is no real prejudice suffered by any [D]efendant here from being tried jointly . . . ." (Doc. No. 616 at 37.)

To the extent that there exists the potential for prejudice due to a disparity in the evidence offered against a particular Defendant as compared to the others at trial, or due to a possible "spillover effect" of damaging evidence against certain Co-Defendants, the Court is confident that tailored limiting instructions concerning the separate charges against each Defendant will cure any risk attendant in a joint trial of this type. See United States v. Ranalli, No. 1:12-CR-00310-1, 2014 WL 1514046, at *2 (M.D. Pa. Apr. 16, 2014) (Kane, J.) ("[V]ariation in the quantity of evidence as to individual [C]o-Defendants is not grounds for severance.") (citing United States v. Eufrasio, 935 F.2d 553, 568 (3d Cir.1991) ( "Neither a disparity in evidence, nor introducing evidence more damaging to one defendant than others entitles seemingly less culpable defendants to severance."); see also United States v. Williams, No. 06–719–5, 2009 WL 1285519, at *2 (E.D. Pa. May 7, 2009) ("[The Court] can ensure [Defendant] will receive a fair trial because it will issue jury instructions directing the jury to consider the evidence separately as to each defendant and each count."); United States v. Saferstein, No. 07–557, 2009 WL

1046128, at *5 (E.D. Pa. Apr.17, 2009) ("[Defendant's argument] that severance is necessary since a jury will have a difficult time separating or ascertaining which evidence against him is meant to prove which set of charges is also overcome, since the Court is in a position to evaluate each situation should any occur and to respond appropriately with limiting instructions at trial, if necessary.").[1]

### C. DEFENDANT EDGECOMBE'S MOTION TO SEVER

In his motion to sever, Defendant Edgecombe offers arguments similar to those advanced by Defendants Lane, Heatherly, and Staples. However, the Court's analysis of his motion differs from its analysis of those of his Co-Defendants due to the changed circumstances applicable to Defendant Edgecombe; specifically, the need for additional time for his newly-appointed counsel to prepare an effective defense. Having considered the Government's motion to continue (prompted by the needs of Defendant Edgecombe's newly-retained counsel), as well as the

---

[1] Notably, Defendant Heatherly requests, in the alternative, that the Court direct the Government to deliver to the Court for in camera inspection any statements the Government intends to use as evidence against Defendant Heatherly prior to ruling on the motion for severance. (Doc. No. 588 at 10.) Rule 14(b) of the Federal Rules of Criminal Procedure vests the Court with discretion to order the production of Co-Defendants statements for in camera inspection. The Advisory Committee Notes clarify that:

> The purpose of the [Rule] . . . is to provide a procedure whereby the issue of possible prejudice can be resolved on the motion for severance. The judge may direct the disclosure of the confessions or statements of the defendants to him for in camera inspection as an aid to determining whether the possible prejudice justifies ordering separate trials.

Fed. R. Crim. P. 14(b), Advisory Committee Notes. As the Court has determined, Defendants fail to identify in their supporting briefs the evidence they believe will derail the jury's efforts to compartmentalize their respective cases, and thus, have not met their rigorous burden of demonstrating prejudice. Based on that reasoning, Defendant Heatherly's vague request under Rule 14(b) is similarly unavailing, as Defendant Heatherly has not articulated what statements are so unfairly prejudicial that the only appropriate relief is severance. Thus, this Court declines to order the relief requested under Rule 14(b), as Defendant Heatherly provides no substantial basis for the Court to conduct in camera review of these unidentified statements.

numerous continuances previously granted in this matter, the Court finds, in the exercise of its broad discretion, that the ends of justice would be best served by severing Defendant Edgecombe's trial from that of the other Co-Defendants. This case has now been delayed for more than one year. At this point, any further continuance of trial would only prejudice Defendants Lane, Heatherly, and Staples, who, notwithstanding their presumption of innocence, have remained in custody pursuant to pretrial detention orders while awaiting trial.

Accordingly, the Court will deny the Government's motion to continue (Doc. No. 776), and grant Defendant Bruce Edgecombe's motion to sever (Doc. No. 578).

### III. CONCLUSION

Based upon the foregoing, the Court will deny the Government's motion to continue (Doc. No. 776), deny Defendants Scott Lane (Doc. No. 576), Dylan Heatherly (Doc. No. 587), and William Staples' (Doc. No. 573), Rule 14(a) motions to sever, and will grant Defendant Bruce Edgecombe's motion to sever (Doc. No. 578). An appropriate Order follows.